**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kevin D. Wilkins,<br><br>        Petitioner,<br><br>vs.<br><br>Tara Diaz, et al.,<br><br>        Respondents. | No. CIV 06-2279-PHX-JAT (DKD)<br><br>**ORDER** |

      Pending before the Court is Petitioner's Motion for Appointment of Counsel (Doc. #13). Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966). The Court has discretion to appoint counsel when a judge "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), *cert. denied*, 499 U.S. 979 (1991) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner has not shown that he is more likely to succeed on the merits of his claims than any other habeas petitioner before

1 this Court, nor has he shown that his claims are complex. Therefore, the Motion for
2 appointment of counsel will be denied.

3 **IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of Counsel
4 (Doc. #13) is denied.

5 DATED this 16th day of November, 2006.

_____
David K. Duncan
United States Magistrate Judge

- 2 -