1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                           FOR THE DISTRICT OF ARIZONA

8

9    Kevin Dwight Wilkins,                    )    No. CIV 06-2279-PHX-JAT (DKD)
                                              )
10                    Petitioner,             )    **REPORT AND RECOMMENDATION**
                                              )
11   vs.                                      )
                                              )
12   Tara Diaz, Deputy Warden; Attorney       )
     General of the State of Arizona,         )
13                                            )
                     Respondents.             )
14                                            )
     _____   )
15

16   TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

17           Kevin Dwight Wilkins filed a timely petition for writ of habeas corpus pursuant to 28

18   U.S.C. § 2254 on September 5, 2006.  Following a bench trial, he was convicted of sale of

19   narcotic drugs, and sentenced to a mitigated 6-year prison term.  He raises three grounds in

20   his federal petition:  (1) that his rights under the United States and Arizona Constitutions

21   were violated because the trial court failed to ensure that trial counsel inform Wilkins of his

22   entitlement to a twelve-person jury prior to a waiver of that right; (2) that trial counsel was

23   ineffective for failing to inform Wilkins of this right, in violation of the United States and

24   Arizona Constitutions; and (3) that his "conviction constitutes cruel and unusual punishment

25   because the State knew in advance that the Public Defender's Office and its staff does not

26   provide adequate representation."  Respondents contend that the grounds are procedurally

27   defaulted.  The Court recommends that Wilkins' petition be denied and dismissed with

28   prejudice.

1

## PROCEDURAL HISTORY

2          The facts supporting Wilkins' conviction are summarized in the court of appeals

3    memorandum decision:

4              Four undercover Phoenix police officers rented a room at the Sky
       Harbor Hotel located at 2323 East Van Buren.  On August 12, 2002,
5      Defendant, who was accompanied by another man and a woman, approached
       two of the undercover police officers in the laundry room of the hotel and
6      asked them "what do you need?"  One of the officers responded that they were
       looking to buy a "40."  This referred to $40 worth of crack cocaine.  Defendant
7      said, "I got it," left the officers and the others, and went to room 112 in the
       hotel.  When he returned, Defendant presented the officers with a 630
8      milligram rock of crack cocaine.

9              That evening, Defendant went to the officers' room and asked if they
       needed anything else.  The officers said that they did not and Defendant left.
10     An hour later, Defendant returned with the same male who had been with him
       in the laundry room and told the officers that he believed they were police
11     officers because he did not see them smoke the crack.  The officers said that
       they presently did not have any crack to prove otherwise.  When defendant
12     said that his friend had some crack that they could smoke the officers did not
       respond, but rather closed the door on the two men.

13
     (Doc. #17, Exh H at 2-3).

14
           On direct review, counsel filed an *Anders*[1] brief, concluding after a search of the

15
     record that he found "no arguable question of law that is not frivolous" (*Id*., Exh F at 5).  At

16
     Wilkins' request, counsel raised two issues:  (1) that trial counsel failed to argue the amount

17
     of drugs was under the statutory threshold amount; and (2) that because the undercover

18
     officers supplied all the ingredients of the offense, Wilkins was entitled to raise an

19
     entrapment defense (*Id*.).  In a supplemental brief, Wilkins argued that the trial court failed

20
     to comply with Ariz. R. Crim P. 18.1(b) by not informing Wilkins of his right to a twelve-

21
     person jury prior to accepting his waiver.  He also maintained that the trial court erred in

22
     enhancing his sentence with a prior conviction that was not proven beyond a reasonable

23
     doubt, and which had been withdrawn prior to the imposition of sentence (*Id*., Exh G).

24

25

26
     _____

27          [1]*Anders v. California*, 386 U.S. 738 (1967).

28

1       The court of appeals affirmed his conviction and sentence.  In doing so, it concluded

2 that his argument that counsel failed to argue the drugs were below the statutory threshold

3 amount was an ineffective assistance claim not raisable on direct review.  The court of

4 appeals also concluded that Wilkins was not entitled to an entrapment defense because he

5 had denied committing the offense.  In reviewing the case for fundamental error, the court

6 found that Wilkins had not shown that his failure to be informed of a right to a 12-person jury

7 constituted fundamental error, but amounted "to nothing more than supplemental information

8 to which [he] was not even entitled before deciding to waive the jury" (*Id.*, Exh H at 8).  The

9 court of appeals also rejected Wilkins' claim that the trial court had erred in enhancing his

10 sentence with a prior conviction (*Id.*).

11       In his first post-conviction relief petition, Wilkins argued that trial counsel was

12 ineffective for failing to advise him of his right to a twelve-person jury, making his waiver

13 of a jury trial involuntary (*Id.*, Exh W).  The trial court summarily dismissed the petition,

14 finding his claim precluded because his waiver had been previously upheld on appeal (*Id.*,

15 Exh AA).  The trial court also ruled that Wilkins had not established prejudice under the

16 *Strickland*[2] standard, and therefore had failed to state a colorable claim.  He did not petition

17 the court of appeals to review this ruling.  His second post-conviction petition was summarily

18 dismissed as untimely, the trial court finding that Wilkins had not provided any facts that

19 would excuse the timeliness requirement (*Id.*, Exh BB-EE).  Wilkins did not petition the

20 court of appeals to review this ruling.

21                               **EXHAUSTION OF REMEDIES**

22       A state prisoner must exhaust his state remedies before petitioning for a writ of habeas

23 corpus in federal court.  28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-

24 66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991).  To properly exhaust

25 state remedies, a petitioner must fairly present his claims to the state's highest court in a

26

27       [2]*Strickland v. Washington*, 466 U.S. 668 (1984).

28

1   procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In

2   Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by

3   properly pursuing them through the state's direct appeal process or through appropriate post-

4   conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v.*

5   *Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner

6   has described both the operative facts and the federal legal theory on which the claim is

7   based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir.1994), *overruled*

8   *on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini*

9   *v. Stewart*, 249 F.3d 895, 898-99 (9th Cir. 2001). The exhaustion requirement will not be met

10  where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

11         If a petition contains claims that were never fairly presented in state court, the federal

12  court must determine whether state remedies remain available to the petitioner. *See Rose v.*

13  *Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989)

14  (O'Connor, J., concurring). If remedies are available in state court, then the federal court

15  may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.*

16  However, if the court finds that the petitioner would have no state remedy were he to return

17  to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489

18  U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal

19  court may decline to consider these claims unless the petitioner can demonstrate that a

20  miscarriage of justice would result, or establish cause for his noncompliance and actual

21  prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S.

22  722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*,

23  433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

24         Further, a procedural default may occur when a Petitioner raises a claim in state court,

25  but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S.

26  at 730-31. In such cases, federal habeas review is precluded if the state court opinion

27  contains a plain statement clearly and expressly relying on a procedural ground "that is both

28

1  'independent' of the merits of the federal claim and an 'adequate' basis for the court's

2  decision." *See Harris*, 489 U.S. at 260.  A state procedural default ruling is "independent"

3  unless application of the bar depends on an antecedent ruling on the merits of the federal

4  claim.  *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856

5  (2002).  A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'"

6  *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255,

7  262-63 (1982)).  In cases in which a state prisoner has defaulted his federal claims in state

8  court pursuant to an independent and adequate state procedural rule, just as in cases

9  involving defaulted claims that were not fairly presented, federal habeas review of the claims

10  is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual

11  prejudice to excuse the default.  *See Coleman*, 501 U.S. at 750-51.

**DISCUSSION**

13        Wilkins first contends that his rights under the United States and Arizona

14  Constitutions were violated because the trial court failed to ensure that trial counsel inform

15  Wilkins of his entitlement to a twelve-person jury prior to a waiver of that right.  On direct

16  review, he argued similarly that his waiver was not knowing, voluntary and intelligent

17  because of the trial court's failure to advise him of his right to a twelve-person jury, in

18  violation of Ariz. R. Crim. P. 18.1(b).  However, on appeal he referenced only the Arizona

19  Constitution, which provides that a defendant facing more than 30 years in prison is entitled

20  to a twelve-person jury.  *See* Ariz. Const. art. 2, §23; A.R.S. § 21-102(A).[3]  There is no

21  corresponding federal statute or constitutional provision requiring twelve jurors for

22  conviction.  *See Williams v. Florida*, 399 U.S. 78 (1970).  Not only has Wilkins failed to

23  fairly present his federal claim to the state court, thus making it unexhausted, but he cannot

26        [3]Although Wilkins was only sentenced to six years in prison, he potentially faced a
27  thirty-five year prison sentence, if convicted as charged, with a finding of two or more
     substantial aggravating factors.

- 5 -

1   return to state court and satisfy the exhaustion requirement. *See Teague*.[4]  Wilkins has not

2   shown cause or prejudice to excuse the default. *Coleman*.  Finally, the issue is one of state

3   law, not cognizable in a federal habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-

4   68 (1991).

5        In his second ground, Wilkins maintains that trial counsel was ineffective for failing

6   to inform Wilkins of his right to a twelve-person jury, in violation of his rights under the

7   United States and Arizona Constitutions.  Although he raised this claim in his first post-

8   conviction petition, he did not seek review of the trial court's dismissal of his Rule 32 petition

9   from the court of appeals, and it is therefore unexhausted. *See Teague*.  Because he is time-

10  barred from returning to state court, the claim is procedurally defaulted. *Id*.  Wilkins has not

11  shown cause or prejudice to excuse the default. *Coleman*.  Finally, because there is no

12  federal constitutional requirement of a twelve-person jury, counsel cannot be ineffective for

13  failing to so advise Wilkins.

14       In his third ground, Wilkins argues that his "conviction constitutes cruel and unusual

15  punishment because the State knew in advance that the Public Defender's Office and its staff

16  does not provide adequate representation."  Although it is unclear what Wilkins is claiming

17  as error, the record reflects that he did not raise anything resembling an Eighth Amendment

18  claim in his state court proceedings.  The claim is therefore unexhausted, and he is time-

19  barred from returning to state court, making it procedurally defaulted. *See Teague*.  Wilkins

20  has not shown cause or prejudice to excuse the default. *Coleman*.

21       Wilkins has also filed a Motion for Leave of Court and Court Order, in which he

22  requests leave to return to state court to properly exhaust his claims, and for appointment of

23  counsel.  Because the Court has concluded that a return to state court would be futile, his

24  motion for leave will be denied.  On November 17, 2006, the Court denied Wilkins' previous

25

26       [4]His reference to the Sixth Amendment right to a jury trial for the first time in his
petition for review to the Arizona Supreme Court is insufficient to satisfy the exhaustion
27  requirement. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989).

28

- 6 -

1   motion for appointment of counsel because he had not established he was more likely to

2   succeed on the merits than any other habeas petitioner before the Court, and had not

3   demonstrated that his claims were complex. *See* Doc. ##13, 14.  Wilkins has not since that

4   time made any showing which would prompt the Court to reconsider its ruling.

5          **IT IS THEREFORE RECOMMENDED** that Kevin Dwight Wilkins' petition for

6   writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

7          **IT IS FURTHER ORDERED** that Wilkins' Motion for Leave of Court and Court

8   Order is **DENIED** (Doc. #18).

9          This recommendation is not an order that is immediately appealable to the Ninth

10  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

11  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

12  parties shall have ten days from the date of service of a copy of this recommendation within

13  which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules

14  72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within

15  which to file a response to the objections.  Failure timely to file objections to the Magistrate

16  Judge's Report and Recommendation may result in the acceptance of the Report and

17  Recommendation by the district court without further review.  *See United States v. Reyna-*

18  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual

19  determinations of the Magistrate Judge will be considered a waiver of a party's right to

20  appellate review of the findings of fact in an order or judgment entered pursuant to the

21  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

22          DATED this 1st day of March, 2007.

23

24

25          _____

26          David K. Duncan
            United States Magistrate Judge

27

28                                 - 7 -