**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kevin Dwight Wilkins, | ) | No. CV 06-2279-PHX-JAT |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Tara Diaz, Deputy Warden; Attorney General of the State of Arizona, | ) | |
| Respondents. | ) | |

On September 22, 2006, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. #1). On March 1, 2007, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be denied with prejudice because each of Petitioner's claims remains unexhausted and procedurally defaulted (Doc. # 20). Petitioner, *pro se*, filed an objection to the R&R (Doc. # 21).

I.   STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District

courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

II.     DISCUSSION

Petitioner makes no objection to the substance of the R&R but only to the Magistrate Judge's denial of counsel. Petitioner claims he will face prejudice if required to return to state court without the appointment of counsel, which he requested (Doc. #13) after filing the present Petition, but the Magistrate Judge denied (Doc. #14). However, the R&R, if accepted, would dismiss the Petition with prejudice based on the Magistrate Judge's conclusion that no state court remedies remain available to Petitioner. Thus, a return to state court is not suggested by the R&R. With respect to the Magistrate Judge's denial of counsel, this Court accepts the legal standard articulated by the Magistrate Judge:

> Indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966). The Court has discretion to appoint counsel when a judge "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), *cert. denied*, 499 U.S. 979 (1991) (quoting 18 U.S.C. § 3006A(a)(2)(B)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

(Doc. #14 at 1).

Here, this Court finds that success on the merits of Petitioner's claims is unlikely, given the procedural defaults, as noted by the Magistrate Judge. Additionally, Petitioner has demonstrated an ability to research the law and write appropriate and comprehensible motions for a court to review. He has already articulated the essential substance of his present claim in Ground I to the Arizona Court of Appeals, alleging a violation of the Arizona Rules of Criminal Procedure. That court found that Petitioner's failure to be informed of a right to a 12-person jury did not constitute fundamental error. Subsequently, Petitioner appealed the

1  same substantive argument, alleging a violation of the Arizona Constitution to the Arizona
2  Supreme Court, which denied review. Such findings support the conclusion that success on
3  the merits of Petitioner's claims is doubtful, the issues of law presented in this habeas petition
4  are not exceedingly complex, and that Petitioner is able to articulate his claims *pro se*.
5  Accordingly, the Court overrules Petitioner's objection to the denial of the appointment of
6  counsel and affirms the Magistrate Judge's Order (Doc. # 14).

7  Finally, as indicated above, Petitioner did not object to the merits of the R&R. The
8  Court agrees with the Magistrate Judge's conclusion that Grounds I, II and III are
9  unexhausted and procedurally defaulted. Therefore, the Court agrees that the Petition should
10 be denied.

11 III.    CONCLUSION
12        Based on the foregoing,
13        IT IS ORDERED that the Report and Recommendation (Doc. # 20) is accepted and
14 adopted, the objection (Doc. # 21) is overruled; the Petition for Writ of Habeas Corpus (Doc.
15 #1) is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.
16        DATED this 26th day of June, 2007.

_____
James A. Teilborg
United States District Judge